B. Farnham Smith *vs.* Worcester and Southbridge Street Railway Company.

Suffolk.     October 20, 1915. — July 6, 1916.

Present: Rugg, C. J., Loring, Crosby, Pierce, & Carroll, JJ.

*Assignment. Pledge. Corporation,* Attempted over-issue of stock.

A trust company in good faith took as collateral security for a loan an instrument purporting to be a certificate for shares in a street railway corporation. This instrument was identified as part of an attempted fraudulent over-issue of stock after all the authorized capital stock of the street railway corporation had been issued. Later the trust company made an assignment under seal to certain persons of "all claims and demands of every description and kind against the" street railway corporation "amounting to $77,062.22, which claims or demands are annexed to this assignment." The only thing annexed to the assignment was a certified copy of a vote of the directors of the trust company authorizing its treasurer "to execute in behalf of this company an assignment of its claims against the [street railway corporation] amounting to $77,062.22 to" the persons named as assignees. *Held,* that the instrument held as collateral by the trust company, being void as a certificate, gave the trust company merely a right of action against the street railway corporation based on the ground that the street railway corporation was estopped to deny that the trust company was a holder of its shares, and that this claim and demand passed by the assignment to the assignees and no longer belonged to the trust company, which therefore could not maintain a suit in equity to compel the street railway

corporation to issue to it a new certificate for the number of shares named in the instrument.

In a suit in equity brought by the trust company against the street railway corporation to compel the issuing of a new certificate to the plaintiff for the number of shares of stock of the street railway corporation named in the instrument described above, there was evidence on which the trial judge could have found that at the time the assignment was given it was known by all the parties that the persons represented by those named as assignees wished to obtain an assignment of all claims and demands against the street railway corporation for the purpose of effecting a reorganization which could not be carried through without obtaining all such claims and demands, of which that based on the possession of the alleged certificate was one, and it was *held,* that, if the judge found this fact, he was right, in view of all the circumstances disclosed by the evidence, in construing the assignment to include the claim.

LORING, J.   This is an action for wrongfully refusing to issue to the plaintiff a new certificate for shares in the capital stock of the defendant corporation on the surrender of a certificate for shares dated February 11, 1903. The action was really brought by the International Trust Company for which the plaintiff held the certificate as a volunteer. The judge,* before whom the case was tried without a jury, found that the original certificate was part of an attempted fraudulent over-issue of the defendant's capital stock after it and all of it had been issued, and for that reason that it was void. The contention on which the plaintiff based his claim was that the defendant was estopped to dispute the trust company's claim that it was a stockholder because it took the original certificate as collateral for a loan in good faith and for value. The defendant's answer to this contention was that the trust company was put upon inquiry by the form of the certificate and that, if it had made the inquiry which it should have made, it would have learned that the original certificate was part of a fraudulent over-issue of capital stock and so void.

We do not find it necessary to pass upon that question. The judge found that "The assignment dated January 18, 1904, evidenced by Exhibit 16, by the International Trust Company to Rice and Hoar released any claim in favor of the International Trust Company against the Worcester & Southbridge Street Railway Company arising out of the possession by the said trust company" of the original certificate here in question. To that finding the plaintiff took an exception.

---

* *Hardy,* J. He found for the defendant; and the plaintiff alleged exceptions.

By the assignment of January 18,* the trust company assigned, transferred and conveyed to William E. Rice and Rockwood Hoar "all claims and demands of every description and kind against the Worcester & Southbridge Street Railway Company, said claims together with interest thereon to January 4, 1904, amounting to seventy-seven thousand & sixty-two 22/100 Dollars, which claims or demands are annexed to this assignment."

---

* "Exhibit 16. *Know all men by these presents* That International Trust Company (of Boston), in consideration of one dollar and other valuable considerations to it paid by William E. Rice and Rockwood Hoar, the receipt whereof is hereby acknowledged, does hereby assign, transfer and convey to said William E. Rice and Rockwood Hoar, their heirs and assigns, all claims and demands of every description and kind against the Worcester & Southbridge Street Railway Company, said claims together with interest thereon to January 4, 1904, amounting to seventy-seven thousand & sixty-two 22/100 Dollars, which claims or demands are annexed to this assignment. And the said corporation does hereby appoint said William E. Rice and Rockwood Hoar, or either of them, its attorney or attorneys irrevocable, in its name and for its account, but without expense to it, to sue for, recover, release, discharge, compromise, prove in bankruptcy or with the Receivers of said Company said claim, or to bring suit against any person or partnership or corporation who may be liable thereon directly or indirectly; and to assent or object to any action of the Receivers, and generally to deal with the same as fully and completely as it could do if acting through its officers. Meaning and intending by this instrument to transfer and assign to the above named assignees all claims which it may have against the said Worcester & Southbridge Street Railway Company, or any person or persons who may be liable in any way for said claims.

"In witness whereof the said International Trust Company (of Boston) has caused its name to be signed, and its seal affixed by Henry L. Jewett, its treasurer duly authorized by vote, a copy of which vote is annexed, this 18 day of January, in the year One Thousand Nine Hundred and Four.

International Trust Company

Seal                                      By Henry L. Jewett,
                                                    Treasurer."

"At a meeting of the directors of the International Trust Co. held on Monday, Jan. 18th., a quorum being present, it was unanimously voted:

"That Henry L. Jewett, Treasurer, be authorized to execute in behalf of this Company an assignment of its claims against the Worcester & Southbridge Street Railway Company amounting to $77,062.22 to William E. Rice and Rockwood Hoar.

" A true copy.
attest:                                   Henry L. Jewett,
     Seal.                                      Secretary."

Annexed to the assignment was a copy of a vote of the directors of the International Trust Company authorizing the treasurer "to execute in behalf of this Company an assignment of its claims against the Worcester & Southbridge Street Railway Company amounting to $77,062.22 to William E. Rice and Rockwood Hoar."

Unless the copy of this vote was a statement of the "claims and demands" of the trust company against the street railway company no statement of those "claims and demands" was annexed to the assignment.

The plaintiff has contended (1) that shares of stock do not come within the term "all claims and demands of every description and kind against the Worcester & Southbridge Street Railway Company;" (2) that the claims and demands covered by the assignment were stated in a schedule annexed to the Exhibit and consisted of promissory notes and an overdraft due the company amounting in all to $77,062.22; and (3) that the defendant is not entitled to the benefit of the assignment to Rice and Hoar.

The original certificate issued to Bailey and assigned by him to the trust company was not a certificate for shares of stock. It was found by the judge (and on the evidence no other finding could have been made) that the original certificate issued to Bailey was an attempted fraudulent over-issue of stock after all of the capital stock of the defendant street railway company had been issued. It follows that the original certificate held by the trust company was not a certificate of shares of stock.

It may be that the railway company was estopped to deny the truth of the facts stated in the original certificate, namely, that Bailey was the holder of one hundred shares in the capital stock of the street railway company. But if it was estopped to deny that fact (and for the purposes of this discussion we assume that there was such an estoppel) that does not make the holder of the certificate the holder of shares of stock. It gives to the holder of the certificate a right of action based upon the ground that the street railway company is estopped to deny that he is the holder of shares of stock. But it does not make the holder of the certificate a holder of shares in the capital stock of the corporation. In the case at bar where the identity of the shares which were over-issued is not lost, this result necessarily follows. Speaking accu-

rately, therefore, the right which the trust company got (if it took this certificate in good faith) was not that of a holder of shares in the capital stock of the street railway company, but a right of action based upon the fact that the street railway company was estopped to say that what the holder of this certificate had was not shares of stock. That was "a claim or demand" against the street railway company.

There was nothing annexed to the assignment of January 18, 1904, stating the claims which made up the claim of $77,062.22. The vote authorizing the trust company to assign "its claims . . . amounting to $77,062.22" does not purport to be such a statement. In addition all that is dealt with in this vote are "its claims." The assignment covered "all claims and demands of every description and kind against" the street railway company. If the assignment covers more than the claims amounting to $77,062.22 its execution by Jewett was not authorized by the vote annexed to it. But it may have become binding upon it by force of subsequent events and action on its part. No question on this point has been raised by the plaintiff.

The last contention of the plaintiff is that the defendant is not entitled to the benefit of an assignment to Rice and Hoar. Whether the defendant is or is not entitled to the benefit of an assignment to Rice and Hoar is not of consequence. If the plaintiff's claim or demand against the street railway company which it had by reason of having taken the original certificate for one hundred shares in good faith passed by that assignment to Rice and Hoar, the trust company had ceased to be the owner of it when it undertook to assign it to the plaintiff and it never passed to him.

In addition to these contentions made by the plaintiff in this behalf, there is another matter not urged by him but which might throw doubt upon the construction of the assignment adopted by the presiding judge.

The assignment of January 18, 1904, was made to Rice and Hoar as representatives of Wells and Thayer who were then undertaking to reorganize the affairs of the street railway company. In the preceding August Bailey's frauds had become known, and at the request of Thayer (the president of the defendant railway company) Bailey had resigned his position as treasurer. Thereafter Thayer and Wells (who were indorsers upon notes of the street

railway company) undertook to reorganize the affairs of the corporation. An offer of fifty per cent upon the money demands against the defendant street railway company had been recommended by a committee of its creditors. The result of the conferences between Wells and Thayer and the trust company was that the trust company sold to them (Wells and Thayer) its fifty per cent dividend on its money demands against the street railway company (which demands amounted to $77,062.22), and its claim as holder of certificates for ten hundred and forty shares of the defendant's "stock" (all of which was and was known to be an over-issue) and in payment for it received from Wells and Thayer a promissory note dated January 1, 1904, in the sum of $89,260.74. As a part of that note an agreement was executed between Wells and Thayer (parties of the first part) and the trust company (party of the second part) as to the way in which it could be paid. In that agreement it was recited that Wells and Thayer had bought of the trust company ten hundred and forty shares of the capital stock of the street railway company, and a "dividend of fifty per cent on claim of $77,062.22 against said Railway Company, paying therefor with a note of even date herewith for the sum of $89,260.74." Inasmuch as this note of $89,-260.74 was the consideration for the assignment of January 18, 1904 (here in question), and this agreement as to the method in which the note of $89,260.74 could be paid was a part of that transaction, it well might have been urged that although the rights given by possession of the void certificates of stock were in law "claims and demands," yet those words as used by the parties in the assignment of January 18, 1904, did not include claims and demands arising out of the fact that the trust company had taken these certificates in good faith. For these claims and demands are spoken of as "stock" in that agreement. But in determining the true construction of the words of the assignment of January 18, 1904, (namely, "all claims and demands of every description and kind against the Worcester & Southbridge Street Railway Company,") there is one other fact of importance—or rather the judge was justified in finding a fact—which was of importance in that connection. That fact is this: At the time of this assignment of January 18, 1904, (which was really cotemporaneous with and part of the transaction of which the note and agreement of January 1,

1904, were part) the president of the trust company who acted for the trust company in making the assignment and the agreement which went with it, knew that Wells and Thayer were endeavoring to reorganize the street railway company and for that purpose that it was essential that they should obtain an assignment of all claims and demands of every kind and description which the trust company had against the street railway company. In addition the judge was warranted in finding that the president of the trust company (in effect) told Wells and Thayer and the persons acting for them that the number of shares (the issue of which was valid or invalid) held by the trust company was ten hundred and forty. He himself testified that by an arrangement with Bailey he held back from Wells and Thayer and their representatives knowledge of the fact that he had this alleged certificate for one hundred more shares in the street railway company. The reason he gave for withholding this information from Wells and Thayer and their advisors was that the shares represented by all of these certificates were obtained by the trust company from Bailey as security for notes of Bailey held by the trust company, and Bailey in authorizing the trust company to part with the ten hundred and forty shares requested the trust company to hold back the one hundred shares or what purported to be the one hundred shares here in question.

The question of the true construction of the assignment of January 18, 1904, is a question of law, and it is for us to decide whether the construction given to it by the judge was right. But we must decide that question of law not in the light of what we think were the circumstances under which that assignment was made, but in the light of what the judge was warranted in finding those circumstances to have been. The judge could have found that it was known to all the parties at that time that Wells and Thayer wished to obtain an assignment of all claims and demands against the street railway company; and that unless they obtained an assignment of all those claims and demands they were not in a position to carry through the reorganization which they were undertaking to effect; and further, that unless the assignment in question did transfer to them all the trust company's claims and demands against the street railway company, they did not get an assignment of all its claims and demands

against the street railway company. We are of opinion that, if the judge found these facts, he was right in construing the assignment dated January 18, 1904, as he did.

*Exceptions overruled.*

*R. M. Morse, (J. R. Lazenby* with him,) for the plaintiff.
*J. L. Hall, (E. S. Kochersperger* with him,) for the defendant.